**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |
|---|---|
| RAYMOND JOHNSON,<br><br>       Plaintiff,<br><br>v.<br><br>DISCOVER CARD ET AL.,<br><br>       Defendants. | * <br> * <br> * <br> * <br> *    Civil No. 25-2824-BAH <br> * <br> * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION**

Plaintiff Raymond Johnson ("Plaintiff") brought suit against Defendants Discover Card, "Discover Financial Services/Discover Bank," "Discover Financial Services/Discover.com/Discover Card," and "Discover It Card" (the "Discover Defendants"), along with Michael G. Rhodes ("Rhodes"), and Daniel J. Capozzi ("Capozzi") (the "Individual Defendants") (collectively "Defendants") alleging claims arising out of fraudulent charges on Plaintiff's credit card account. ECF 1 (notice of removal); ECF 3 (state court complaint). Nine motions are pending before the Court: the Individual Defendants' motion to dismiss, ECF 7; Defendants' amended motion to compel arbitration, ECF 8; and Plaintiff's motion to remand, ECF 11; motion to strike, ECF 12; motion for mediation, ECF 13; motion for "mediation sanctions," ECF 15; motion for leave to file an amended complaint and remand, ECF 17; motion to "enforce settlement agreement" and "moot the Defendants['] amended motion to compel arbitration," ECF 19 (capitalization altered); and motion to strike, ECF 28. Numerous responses and replies have

been filed to the pending motions.[1] Several of the filings include memoranda of law and exhibits.[2] The Court has reviewed all relevant filings and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). Accordingly, for the reasons stated below, Plaintiff's motion for leave to file an amended complaint is **GRANTED**, this case is **REMANDED** to state court, and the remaining pending motions are **DENIED** as moot.

## I.    BACKGROUND

Plaintiff originally filed the complaint in the District Court of Maryland for Prince George's County on July 15, 2025, alleging that Defendants "failed to provide a refund check for [] fraudulent charges" of $1,484.00 on Johnson's credit card. ECF 3, at 6. Plaintiff's complaint brings claims of breach of implied contract, breach of contract, fraud/misrepresentation, intentional infliction of emotional distress ("IIED"), unjust enrichment, "defamation of character law violation," and negligence. *Id.* at 6–10. The complaint also alleges violations of the Fair Credit Billing Act ("FCBA"), *id.* at 7, and Fair Credit Reporting Act ("FCRA"), *id.* at 9–10. Plaintiff seeks $30,000 in damages. *Id.* at 6.

Defendants removed the action to federal court on August 28, 2025, based on federal question jurisdiction pursuant to 28 U.S.C. § 1331. ECF 1. On September 4, 2025, the Individual Defendants filed a motion to dismiss, ECF 7, and Defendants filed an amended motion to compel arbitration, ECF 8. Plaintiff filed several motions in September of 2025, including a motion for

---

[1] *See* ECF 16 (Defendants' opposition to ECF 11); ECF 20 (Defendants' opposition to ECF 13); ECF 21 (Defendants' reply regarding ECF 7); ECF 22 (Defendants' reply regarding ECF 8); ECF 23 (Defendants' opposition to ECF 15); ECF 24 (Defendants' opposition to ECF 17); ECF 25 (Defendants' opposition to ECF 19); ECF 26 (Plaintiff's reply regarding ECF 12); ECF 27 (Plaintiff's reply regarding ECF 13); ECF 29 (Plaintiff's reply regarding ECF 17); ECF 30 (Defendants' opposition to ECF 28).

[2] The Court references all filings by their respective ECF numbers and page numbers by the ECF-generated page numbers at the top of the page.

2

leave to file an amended complaint on September 18, 2025, in which Plaintiff requests leave to amend the complaint and remand to state court. ECF 17. The Court begins, and ends, by resolving that motion.

## II.   LEGAL STANDARD

### A.   Amendment

Federal Rule of Civil Procedure 15 governs amendments and supplements to pleadings. Under Rule 15(a), a plaintiff may amend a complaint "once as a matter of course" in the following scenarios: (1) within "21 days after serving it"; or the earlier of (2) "21 days after service of a responsive pleading" or (3) "21 days after service of a motion under Rule 12(b), (e), or (f)." Fed. R. Civ. P. 15(a)(1)(A)–(B).

### B.   Remand

Federal courts are courts of limited jurisdiction and "may not exercise jurisdiction absent a statutory basis[.]" *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Federal law grants defendants "[t]he right to remove a case from state to federal court" if a United States district court would have original jurisdiction over the case. *See Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). Where, as here, there is no basis for diversity jurisdiction,[3] "the propriety of removal depends on whether this case falls within the original jurisdiction of the district court under 28 U.S.C. § 1331 as a civil action 'arising under' the laws of the United States." *State of Md. v. Philip Morris Inc.*, 934 F. Supp. 173, 175 (D. Md. 1996) (citing *Mulcahey*, 29 F.3d at 151).

"A case can arise under federal law in two ways." *Gunn v. Minton*, 568 U.S. 251, 257 (2013) (citation modified). Most commonly, "a case arises under federal law when federal law

___

[3] Neither party asserts that diversity jurisdiction applies here, which requires complete diversity of citizenship and an amount in controversy exceeding $75,000. 28 U.S.C. 1332(a).

3

creates the cause of action asserted." *Id.* "On rare occasions, the grant also covers a suit containing state-law claims alone, because one or more of them 'necessarily raises' a 'substantial' and 'actually disputed' federal question." *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 26 (2025) (quoting *Gunn*, 568 U.S. at 258). Federal question jurisdiction is determined "by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). A plaintiff is the "master of the claim" and thus may "avoid federal jurisdiction by exclusive reliance on state law" in drafting a complaint. *Id.*

The Supreme Court of the United States has held "that when a plaintiff amends her complaint to delete the federal-law claims that enabled removal to federal court, leaving only state-law claims behind, the case must be remanded to state court." *Peralta v. Smitty Dog Enters., Inc.*, Civ. No. DKC-24-3581, 2025 WL 359061, at *1 (D. Md. Jan. 30, 2025) (citing *Royal Canin*, 604 U.S. at 25). The Supreme Court summarized its holding as follows:

> If a complaint filed in state court asserts federal-law claims, the defendant may remove the case to federal court. See 28 U. S. C. § 1441(a). And if the complaint also asserts state-law claims arising out of the same facts, the federal court may adjudicate those claims too, in the exercise of what is called supplemental jurisdiction. See § 1367.

> This case presents a further question: What happens if, after removal, the plaintiff amends her complaint to delete all the federal-law claims, leaving nothing but state-law claims behind? May the federal court still adjudicate the now purely state-law suit? We hold that it may not. When an amendment excises the federal-law claims that enabled removal, the federal court loses its supplemental jurisdiction over the related state-law claims. The case must therefore return to state court.

*Royal Canin*, 604 U.S. at 25–26.

## III.  ANALYSIS

Plaintiff filed a motion to amend his complaint to remove all references to federal law and requests that the case be remanded back to state court. ECF 17, at 3; *see also* ECF 17-1 (proposed

4

amended complaint). Defendants oppose both amendment and remand, and argue that amendment is "an improper, futile effort to nullify [Defendants'] removal." ECF 24, at 7.

But Plaintiff need not seek leave to amend because his amended complaint was filed within twenty-one days of the Individual Defendants' Rule 12 motion, and before any remaining Defendants filed a responsive pleading.[4] *See* ECF 7 (motion to dismiss pursuant to Rule 12(b)(2) and (b)(6) filed on September 4, 2025); ECF 17 (Plaintiff's motion to amend filed on September 18, 2025). As it was timely, Plaintiff's amended complaint was filed as a matter of course, and Plaintiff was not required to seek leave of court. Fed. R. Civ. P. 15(a)(1)(B). Accordingly, the Court will grant the motion for leave to file an amended complaint, ECF 17, noting that amendment is permitted here as a matter of right. *Cf. Wright v. Maryland Judiciary, Admin. Off. of the Cts.*, Civ. No. BAH-25-4220, 2026 WL 691637, at *1 (D. Md. Mar. 11, 2026) (granting leave to amend when the plaintiff could still amend the complaint as of right).

Defendants argue that, even based on the amended complaint, remand is not warranted because the amended complaint still "includes a federal claim." ECF 24, at 8. Specifically, Defendants contend that "Plaintiff's defamation claim is based on credit reporting, it is expressly preempted by . . . the FCRA," and therefore should not be remanded to state court. *Id.* Plaintiff counters that the Court is "obligated to remand the case back to state court if the plaintiff amends the complaint to remove all federal claims" based on the Supreme Court's decision in *Royal Canin*

---

[4] In cases involving multi-defendants, "[c]ourts are split on whether Rule 15(a)(1) authorizes amendment as of right as to all defendants, even those who filed an earlier answer or other responsive pleading, but 'the more common approach' is to treat the 21-day time frame for amendment as of right as applying to each defendant independently." *Certeza v. Wexford Health Sources, Inc.*, Civ. No. TDC-18-1791, 2022 WL 2704057, at *5 (D. Md. July 11, 2022). Here, Plaintiff had the ability to amend as of right as to all Defendants because Plaintiff filed the amended complaint within twenty-one days of the Individual Defendants' Rule 12 motion and before any remaining Defendants had filed a responsive pleading.

*U.S.A. v. Wullschleger*. ECF 29, at 4. The Court agrees with Plaintiff and concludes that the Supreme Court's holding in *Royal Canin* necessitates remand.

Plaintiff's amended complaint brings only state law claims including breach of implied contract, breach of contract, fraud/misrepresentation, IIED, unjust enrichment, "defamation of character law," and negligence. ECF 17-1, at 4–10. It removes all reference to violation of federal law, including the FCRA. *See id.* As the Supreme Court explained, "[w]hen an amendment excises the federal-law claims that enabled removal, the federal court loses its supplemental jurisdiction over the related state-law claims. The case must therefore return to state court." *Royal Canin*, 604 U.S. at 25–26; *cf. Peralta*, 2025 WL 359061, at *2 (remanding to state court after the pro se plaintiff's amended complaint "delete[d] the reference to Title VII").

Defendants' preemption argument does not support the opposite conclusion. There are two types of preemption—ordinary (or conflict) preemption and complete preemption. *Lontz v. Tharp*, 413 F.3d 435, 440 (4th Cir. 2005). "Under ordinary or conflict preemption, state laws that conflict with federal laws are preempted, and preemption is asserted as a federal defense to the plaintiff's suit." *Sonoco Prods. Co. v. Physicians Health Plan, Inc.*, 338 F.3d 366, 370–71 (4th Cir. 2003) (citation modified). "Because conflict preemption constitutes a defense to a cause of action, the Supreme Court has recognized that it normally does not appear on the face of a well-pleaded complaint, and, therefore, does not authorize removal to federal court." *Id.* at 371 (citation modified); *see also Lontz*, 413 F.3d at 441 ("Even if preemption forms the very core of the litigation, it is insufficient for removal.").

"The jurisdictional doctrine of complete preemption, by contrast, does provide a basis for federal jurisdiction: where Congress so completely preempts a particular area that any civil complaint raising this select group of claims is necessarily federal in character, the state law claims

6

are converted into federal claims, which may be removed to federal court." *Sonoco Prods. Co.*, 338 F.3d at 370–71 (citation modified); *see also Lontz*, 413 F.3d at 441 (explaining that when complete preemption is present, "the complaint is then understood to state a federal question, the well-pleaded complaint rule is satisfied"). Accordingly, "when complete preemption exists, there is 'no such thing' as the state action . . . Complete preemption thus 'transform[s] the plaintiff's state-law claims into federal claims.'" *Lontz*, 413 F.3d at 441 (first quoting *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 6 (2003); and then quoting *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 476 (1998)). "To remove an action on the basis of complete preemption, a defendant must establish that the plaintiff has a federal claim and that 'Congress intended [the federal claim] to be the exclusive remedy for the alleged wrong.'" *Pollard v. TransUnion, LLC*, Civ. No. GLR-24-01381, 2024 WL 4696617, at *2 (D. Md. Nov. 6, 2024) (quoting *Pinney v. Nokia, Inc.*, 402 F.3d 430, 449 (4th Cir. 2005)).

With respect to the FCRA, "there is no evidence that Congress intended to completely displace state claims in this area." *Id.* at *3. "Additionally, nearly every district court that has addressed this question has decided that the FCRA does not completely preempt state claims." *Id.* The cases Defendants cite in support of preemption—*Magruder v. Educ. Sys. Fed. Credit Union*, 194 F. Supp. 3d 386 (D. Md. 2016) and *White v. Green Tree Servicing, LLC*, 118 F. Supp. 3d 867 (D. Md. 2015)—involve the federal defense of ordinary preemption to state law claims, rather than complete preemption in the context of removal. *See* ECF 24, at 8; *see also Magruder*, 194 F. Supp. 3d at 391 (dismissing Maryland Consumer Protection Act ("MCPA") and Maryland Consumer Debt Collection Act ("MCDCA") claims as preempted by the FCRA); *White*, 118 F. Supp. 3d at 872 (dismissing MCPA, MCDCA, and Maryland Mortgage Fraud Protection Act claims as preempted by the FCRA). "Thus, and in contrast with the instant action, the federal claims actually

7

appeared on the face of the complaint. Neither jurisdiction nor complete preemption was at issue, as they are here." *Cochran v. Newrez LLC*, No. 2:21-CV-00626, 2022 WL 1600536, at *4 (S.D.W. Va. May 19, 2022). "Further, remanding Plaintiff's claims to state court does not preclude a subsequent defense of preemption." *Pollard v. Equifax Info. Servs. LLC*, Civ. No. BAH-24-1388, 2025 WL 713773, at *4 (D. Md. Mar. 5, 2025) (citation modified).

For all these reasons, Plaintiff's "claims are not completely preempted by federal law and remand remains appropriate." *Id.*

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's motion for leave to amend the complaint, ECF 17, is GRANTED and, given that only state law claims remain, the case is REMANDED to the District Court of Maryland for Prince George's County. The remaining pending motions at ECF 7, ECF 8, ECF 11, ECF 12, ECF 13, ECF 15, ECF 19, and ECF 28 are DENIED as moot. The Clerk is directed to close this case. A separate implementing order will issue.

Dated: <u>April 20, 2026</u>

<u>          /s/          </u>
Brendan A. Hurson
United States District Judge

8